IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BENNY LYNN ISOM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV90 |
| | ) | 1:03CR241-1 |
| UNITED STATES OF AMERICA, | ) | 1:03CR242-1 |
| | ) | |
| Respondent. | ) | |

AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses involving cocaine base (crack) under 21 U.S.C. § 841(b)(1)(A) and (B). Here, initial screening of Petitioner's filing reveals that Petitioner was not convicted of such an offense. For that reason, Petitioner cannot assert a claim under Section 404 of the First Step Act. Petitioner seeks to raise a claim under provisions of the First Step Act related to consecutive sentences

---

[1] The Amended Recommendation reflects the correct criminal case numbers in this matter.

imposed under 18 U.S.C. § 924(c).  However, that provision of the Act does not apply retroactively to sentences imposed prior to its enactment on December 21, 2018.  <u>Brown v. Antonelli</u>, C/A No. 8:19-cv-1344-HMH-JDA, 2019 WL 2360901, at *5 (D.S.C. May 15, 2019) (unpublished) (collecting cases), <u>report and recommendation adopted</u>, 2019 WL 2358977 (D.S.C. June 4, 2019).  Petitioner was sentenced in 2004.  For that reason, Petitioner's attempt at raising a viable claim under the First Step Act fails.

Petitioner also does not appear to raise any separate claim under 28 U.S.C. § 2255, but the Court treated his filing as a Motion (1:03CR241-1, Docket Entry 162; 1:03CR242-1, Docket Entry 153) under that statute for administrative purposes and out of an abundance of caution given that Petitioner seeks to attack the sentence he received in this Court.  To the extent that Petitioner does seek to raise a viable claim under § 2255, court records reveal that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion [No 1:06CV1005].  Consequently, Petitioner must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider any new Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244.  <u>See</u> AO 243 (MDNC 10/07), <u>Instructions</u>, ¶ (4) (copy enclosed).  Petitioner should contact the Clerk's Office to obtain the proper forms if he wishes to seek such authorization.  The present action should be dismissed without prejudice to him doing so.

2

Case 1:03-cr-00242-TDS     Document 165     Filed 06/20/19     Page 2 of 3

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (1:03CR241-1, Docket Entry 162; 1:03CR242-1, Docket Entry 153) for relief under the First Step Act be denied and that this action be dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if he seeks to attack his sentence under that statute and receives permission to do so.

This, the 20th day of June, 2019.

_____
Joe L. Webster
United States Magistrate Judge