IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:03-CR-241 |
| v. | ) | 1:03-CR-242 |
| | ) | |
| BENNY LYNN ISOM | ) | |

**MEMORANDUM ORDER**

Before the court is pro se Defendant Benny Lynn Isom's third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 244.)[1] The Government has responded in opposition (Doc. 249), and Isom has replied (Doc. 251). Isom has also filed a supplement, which the court has considered. (Docs. 246, 247.) For the reasons set forth below, the motion for compassionate release will be denied.

**I. BACKGROUND**

On October 9, 2003, Isom was found guilty by a jury of two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1 in 1:03-CR-241; Count 1s in 1:03-CR-242), two counts of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d) (Count 2 in 1:03-CR-241; Count 2s in 1:03-CR-242), and two counts of carrying and using by brandishing a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3 in 1:03-CR-241; Count 3s in 1:03-CR-242). (Doc. 68.) He was

---

[1] Isom's motion is also filed in case number 1:03-CR-242. The court cites to the docket entries in case number 1:03-CR-241 unless otherwise indicated. The court's order applies to the motion in both cases.

sentenced on February 4, 2004, to 275 months of imprisonment on Count 2 in 1:03-CR-241 and on Count 2s in 1:03-CR-242 to run concurrently; 84 months on Count 3 in 1:03-CR-241 to run consecutively to Count 2 in 1:03-CR-241 and Count 2s in 1:03-CR-242; and 300 months on Count 3s in 1:03-CR-242 to run consecutively to each aforementioned sentence. (Id.) Count 1 in 1:03-CR-241 and Count 1s in 1:03-CR-242 merged with the § 2113(d) convictions in each respective case as lesser included offenses. (Id.) Isom is currently incarcerated at FCI Victorville, and his presumptive release date is May 30, 2051. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is 67 years old. Id.

This is Isom's third motion for compassionate release. (See Docs. 195, 209.) Isom raises similar claims as in his second motion, namely that his medical conditions, his desire to care for his mother, and his lengthy sentence under § 924(c) give rise to extraordinary and compelling reasons. (Doc. 244.) The Government contends that nothing has changed since the court's April 2022 order denying relief, or the Fourth Circuit's July 2023 affirmance thereof, to justify granting a sentence reduction here. (Doc. 249.)

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health

2

sentenced on February 4, 2004, to 275 months of imprisonment on Count 2 in 1:03-CR-241 and on Count 2s in 1:03-CR-242 to run concurrently; 84 months on Count 3 in 1:03-CR-241 to run consecutively to Count 2 in 1:03-CR-241 and Count 2s in 1:03-CR-242; and 300 months on Count 3s in 1:03-CR-242 to run consecutively to each aforementioned sentence. (Id.) Count 1 in 1:03-CR-241 and Count 1s in 1:03-CR-242 merged with the § 2113(d) convictions in each respective case as lesser included offenses. (Id.) Isom is currently incarcerated at FCI Victorville, and his presumptive release date is May 30, 2051. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is 67 years old. Id.

This is Isom's third motion for compassionate release. (See Docs. 195, 209.) Isom raises similar claims as in his second motion, namely that his medical conditions, his desire to care for his mother, and his lengthy sentence under § 924(c) give rise to extraordinary and compelling reasons. (Doc. 244.) The Government contends that nothing has changed since the court's April 2022 order denying relief, or the Fourth Circuit's July 2023 affirmance thereof, to justify granting a sentence reduction here. (Doc. 249.)

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health

conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it

3

must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[2] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As recently amended, United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then

---

[2] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

4

provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do

5

so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government concedes that Isom has satisfied the exhaustion requirement. (Doc. 249 at 4 n.2.) The court thus turns to the merits.[3]

First, Isom contends that his medical conditions and age are extraordinary and compelling circumstance. Under the age of the defendant ground, a defendant must be at least 65 years old, have served at least 10 years or 75% of his term of imprisonment, and

---

[3] In his reply brief, Isom raises a number of arguments about the allegedly erroneous application of the career offender guideline under U.S.S.G. § 4B1.1(a). (Doc. 255 at 3.) These arguments were not only raised for the first time in the reply brief but are also not cognizable on a motion for compassionate release, as they amount to collateral attacks on the sentence. Ferguson, 55 F.4th at 270. The court accordingly does not address them herein.

6

experience a "serious deterioration in physical or mental health because of the aging process."  U.S.S.G. § 1B1.13(b)(2).  Under the medical circumstances reason, as relevant here, a defendant must demonstrate "deteriorating physical or mental health because of the aging process[] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover."  U.S.S.G. § 1B1.13(b)(1)(B).

Isom's medical records demonstrate that he suffers from stage III chronic kidney disease, back pain, and hypertension.  (Doc. 250-1 at 22-23.)  Over the past 18 months, he has had routine labs conducted to monitor his kidney disease.  Though his labs last summer revealed an increase in creatine (id. at 22), Isom's records do not show that his kidney disease has significantly worsened or that it impacts his ability to carry out self-care.  While stage III kidney disease can progress, the risk at this stage is "very low," according to the National Kidney Foundation.  See National Kidney Foundation, Stage 3a Chronic Kidney Disease (CKD), at https://www.kidney.org/atoz/content/stage-3a-chronic-kidney-disease-ckd (last accessed June 3, 2024).  As to his back pain, Isom suffers from disc conditions for which he reported "sharp" 8 out of 10 back pain in July 2023.  (Id. at 23.)  Isom's provider prescribed a delayed release pain medication.  (Id. at 26.)  There are no health encounters related to back pain since then.  As to

7

the hypertension, too, Isom has been renewed prescription medication as recently as July 2023 without any more recent health encounters. (Id.) Isom has not shown that, individually or considered together, his medical conditions amount to a "serious deterioration in physical [] health," U.S.S.G. § 1B1.13(b)(2), or that they "substantially diminish" his ability to carry out self-care, U.S.S.G. § 1B1.13(b)(1).

Second, Isom argues that his need to be home to help care for his elderly mother is an extraordinary and compelling reason for compassionate release. (Doc. 244 at 7.) He attaches in support a letter from 2018 from his mother (id. at 28-30), but he does not make any representations whatsoever as to her current medical condition, her current care situation, or whether or not there are other available caretakers. He therefore has not shown that his family circumstances justify relief. United States v. Centeno-Morales, 90 F.4th 274, 281-82 (4th Cir. 2024) (affirming denial of compassionate release where defendant "failed to explain why he was the best or only option to care for his son").

Third, Isom contends that he is serving an unusually long sentence under § 924(c) because, if he were sentenced today, his sentence on Count 3s in 1:03-CR-242 would not be "stacked," as it was in 2004. (Doc. 244 at 7, 12.) The court addressed this position at length in its previous 2022 order denying relief. (Doc. 213 at 12-19 (acknowledging that statutory maximum for Count

8

3s would be significantly less today but discussing why Isom's individualized circumstances are distinguishable from the defendants in McCoy).) The newly amended U.S.S.G. § 1B1.13(b)(6) — i.e., the "Unusually Long Sentence" ground — essentially reiterates the principles of McCoy and adds a requirement that the defendant serve 10 years before a change in law may be considered. While Isom has cleared that 10-year mark, he has not shown any change in his individualized circumstances in the last two years that justifies any change to the court's conclusion on his prior motion. The court has little reason to doubt the sincerity of Isom's expressed regrets for his actions, (see Doc. 251 at 4), but, as discussed on his prior motion, his case is distinguishable from that of the defendants in McCoy, namely because of the lower proportion of his sentence that resulted from § 924(c) stacking and his criminal history and age at the time of the offenses. Indeed, as the Government rightly observes, even if Isom were sentenced without stacking today, he will have served just over 50% of that lower sentence. In sum, Isom's alleged bases for a reduction in sentence, considered individually and cumulatively, do not give rise to extraordinary and compelling circumstances.[4]

Even if extraordinary and compelling reasons existed, early release

---

[4] To the extent Isom contends that rehabilitation is a ground for release (Doc. 244 at 22), the court has considered his efforts at rehabilitation in combination with his other asserted bases and finds that they do not give rise to extraordinary and compelling reasons for a reduction in sentence. See U.S.S.G. § 1B1.13(d).

9

would not be appropriate in this case in light of the § 3553(a) factors. Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider:

    (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)  the need for the sentence imposed –

        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)  to afford adequate deterrence to criminal conduct;

        (C)  to protect the public from further crimes of the defendant; and

        (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)  the kinds of sentences available;

    (4)  the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;

    (5)  any pertinent policy statement . . . by the Sentencing Commission . . .;

    (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of
>     the offense.

18 U.S.C. § 3553(a).

As the court observed in 2022, the section 3553(a) factors weigh against release:

> In complete disregard for human life, Isom walked into a bank, armed with a handgun, and proceeded to brandish his firearm and point it at numerous bank tellers. (Doc. 137 at ¶¶ 4-10.) Then he did it again, apart from being suspected of participating in other armed bank robberies. (Id. at ¶¶ 4, 8, 60.) While the court recognizes Isom's steps toward rehabilitation, he continued to participate in dangerous and forbidden activities while serving his sentence, including possessing hazardous tools, attempting to introduce narcotics into the prison, and threatening staff members on several occasions. (Doc. 210-3.)
>
> Isom's criminal history reflects a persistent engagement in violent and dangerous criminal activities that was undeterred by lengthy sentences. In 1975 at age 18, he committed a string of robberies and break-ins that subjected him to a 25-year sentence in one case and a concurrent 7-year sentence in another. (Doc. 137 at ¶¶ 45-48.) He was paroled in 1983, and within a year he committed three more robberies and was imprisoned in 1984 until May 1990. (Id. at 50-52.) In two of those robberies, he was armed with a weapon at age 27 (id. at ¶ 50), in the other he beat the store owner in the head (id. at ¶ 52). By August 1990 at age 33, he committed another armed robbery with a pistol. (Id. at 53.) That armed robbery was significant for its violence: Isom threatened that upon his release he would kill two detectives and their families, rape and kill a female parole officer, and kill the parole officer's family. (Id. at ¶ 54.) He received yet another 25-year sentence for the robbery and a consecutive 5-year sentence for the felony threats. (Id.)
>
> Isom was released from prison on August 17, 2001. By March of 2002, at the age of 45, he was wanted in connection with the armed robbery of the Wachovia Bank in Columbia, South Carolina. (Id. at ¶ 65.) He

11

Case 1:03-cr-00242-TDS   Document 245   Filed 06/05/24   Page 11 of 13

committed the instant offenses a month later. Before
his apprehension by federal authorities, he was wanted
for the armed robbery of a Sprint store and assaulted
two local law enforcement officers attempting to arrest
him. (Id. at ¶¶ 60-61). As the Government properly
characterizes it, in short Isom has lived a life of
violent, assaultive crime that has left a trail of
victims across the Carolinas since 1975. His 55-year
sentence, as large as it is, is put in perspective in
light of the fact that the prospect of 50 years of
incarceration was not sufficient to deter Isom.

> Even were the court to resentence Isom under the
current § 924(c) penalties, he would only be roughly
halfway through serving his sentence. Under these
circumstances, early release from his sentence would
provide inadequate deterrence, insufficiently reflect
the seriousness of Isom's underlying offenses, fail to
adequately protect the community, and fail to fully
recognize Isom's criminal history and continued refusal
to respect the law. As such, even had his medical
conditions, desire to care for his mother, and stacked
charges presented extraordinary and compelling
circumstances, the § 3553(a) factors advise against his
release at this time.

(Doc. 213 at 20-22.)

Isom also requests an attorney be appointed to assist him with his motion. (Doc. 244 at 11.) There is no general constitutional right to appointed counsel in post-conviction proceedings, see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), although the court retains discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require. Isom is capable of seeking his requested relief without the appointment of counsel, and he has not otherwise demonstrated that appointment of counsel is necessary here. As such, the court will deny his request for appointment of counsel.

12

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Isom's motion for compassionate release (Doc. 244 in 1:03-CR-241; Doc. 237 in 1:03-CR-242) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

June 5, 2024

13

Case 1:03-cr-00242-TDS   Document 245   Filed 06/05/24   Page 13 of 13